UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
AT DETROIT

| | | |
|---|---|---|
| **SAMANTHA JAMES** | : | |
| | : | **CASE NO. 2:19-cv-12831** |
| Plaintiff | : | JUDGE: |
| vs. | : | MAGISTRATE JUDGE: |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY**<br>**200 Hopmeadow St.**<br>**Simsbury, CT  06089** | : | **COMPLAINT** |
| | : | |
| and | | |
| | : | |
| **GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF OAKWOOD HEALTHCARE, INC.**<br>**23400 Michigan Avenue, Suite 225**<br>**Dearborn, MI  48124** | : | |
| | : | |
| Defendants | : | |

Now comes the Plaintiff, Samantha James, by and through counsel, and for her Complaint hereby states as follows:

1

## JURISDICTION AND VENUE

1. Jurisdiction of the Court is based upon the Employee Retirement Income Security Act of 1974 (ERISA) and, in particular, 29 U.S.C. § 1132(e)(1) and 1132(f). These statutory provisions give district courts jurisdiction to hear civil actions brought to recover benefits due under the terms of Employee Welfare Benefit Plans. In this case, the Plaintiff, Samantha James, asserts a claim for group disability benefits available under a long-term disability Plan provided for the employees of Oakwood Healthcare, Inc. (hereinafter the "Plan"). The Plan and policy documents should be included in the Administrative Record that Defendants file with this Court. This action is also brought pursuant to 28 U.S.C. § 1331 which gives district court's jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. Plaintiff has exhausted those avenues of appeal.

## NATURE OF ACTION

3. Plaintiff, Samantha James, seeks an award of disability benefits, including disability income benefits pursuant to an Employee Welfare Benefit Plan providing group disability benefits to employees of Oakwood Healthcare, Inc. This action is brought pursuant to § 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). Plaintiff also seeks to enforce the right to future benefits and demand that Defendants account for past benefits and pay future benefits.

## THE PARTIES

4. Plaintiff was an active employee under the Plan and eligible for benefits as a qualified employee when her medical condition deteriorated, and she could no longer work. Plaintiff is now disabled. Venue is proper in the Eastern District of Michigan because the agreement providing long-term disability benefits was breached in Wayne County, Detroit, Michigan.

5. At all times relevant hereto, the long-term disability plans constituted an "Employee Welfare Benefit Plan" as defined by 29 U.S.C. § 1002(1). Plaintiff became disabled while employed under the Plan and has coverage as a Plan participant as defined by 29 U.S.C. § 1002(7).

6.      The Plan's "Claim Administration" is run by a Plan Fiduciary, which, upon information and belief, is Hartford Life and Accident Insurance Company, (hereinafter, "Hartford").

## STATEMENT OF FACTS

7.      Samantha James was hired by Oakwood Healthcare, Inc. and worked as a Nursing Assistant before having to leave work on January 13, 2010, due to non-ischemic cardiomyopathy, hypertension, Chronic Obstructive Pulmonary Disease (COPD), congestive heart failure, avascular necrosis, chronic back pain and hip pain. Ms. James had a dual-chamber PPM/AICD[1] implant in June 2017.

8.      Ms. James worked as a "Nursing Assistant" which is a semi-skilled, medium strength demand occupation.

9.      Ms. James applied for short-term disability benefits upon her departure from work. These benefits were approved and paid for the time period of January 13, 2010 through July 14, 2010.

---

[1] Combined automatic implantable cardioverter-defibrillator and pacemaker system.

4

10. Long-term disability benefits began on July 15, 2010 and were paid for the inability to perform her "own occupation" until July 14, 2012. On July 15, 2012, the definition of disability changed to being unable to perform "any occupation" and Plaintiff was paid until August 14, 2018, under this definition of disability.

11. The definition of disability that Plaintiff must meet under the Oakwood Healthcare, Inc. policy, is as follows: <u>"You are prevented from performing one or more of the Essential Duties of any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than the lesser of: 1) the product of Your Indexed Pre-disability Earnings and the Initial Benefit Period Percentage; or 2) the Maximum Monthly Benefit."</u> Ms. James' required earnings potential is $1,638.35 per month.

12 On September 29, 2017, Anca Froman, M.D., Plaintiff's treating physician, opined that Plaintiff would only be capable of part-time sedentary work, 4 hours, 3-5 days per week and would not be capable of light work.

13. Prior to the denial of benefits, Hartford sent Plaintiff to an Independent Medical Examination (IME)[2] on June 29, 2018. The IME examiner reported that Ms. James, "ambulates using either a quad cane or a walker" and that an MRI showed "degenerative changes as well as a disc protrusion at L4-5. The doctor reports that the extensive progress records and the claimant's physical exam corroborate a history of avascular necrosis of both hips, decreased range of motion in the hips and the lumbar spine and that she would not expect any significant change in the claimant's status. Despite these reports, the physician provided no restrictions for sitting (except to be able to change position every hour) and provided for 3-4 hours per 8 hour work day for sitting and standing combined for no longer than 15 minutes at one time.

14. The Hartford also received a response from Plaintiff's treating primary care physician, Dr. Froman, on August 3, 2018, stating that she disagreed with the IME results citing Plaintiff's need for frequent doctors visits, frequent hospitalizations and symptoms associated with cardiac and pulmonary conditions and that Plaintiff would, "never be able to keep a full time job with these limitations."

---

[2] The IME was done by a Physical Medicine and Rehabiltiation doctor who deferred all opinions regarding cardiac and pulmonary diagnoses, which are primary diagnoses in Ms. James' case.

15. Hartford issued its initial denial of long-term disability benefits on August 14, 2018.

16. Plaintiff prepared and submitted her own administrative appeal on January 17, 2019. The appeal included a letter explaining why Plaintiff believed Hartford was incorrect in its denial of benefits and a letter from her treating physician supporting her inability to work.

17. In response to Plaintiff's appeal, Hartford, through third party vendor, ECN, hired two physicians to review Ms. James' file and prepare reports. On February 26, 2019, Dr. Katherine Herzog and Dr. William Jaffe prepared their reports and without examination offered the same restrictions and limitations as the previous IME, which provided for sedentary work. Dr. Jaffe indicated that Plaintiff has a 25% Left Ventricle Ejection Fraction and commented that this would, "increase the oxygen demand and stress on her heart and lead to potential worsening heart failure" if he did not follow the restrictions provided. Hartford employees also completed an Employability Analysis which found sedentary occupations that Plaintiff could allegedly perform.

18. Hartford denied the claim again on March 21, 2019 and advised Plaintiff that her administrative remedies were exhausted. Hartford provided no explanation as to why the non-examining file reviews were better than her treating providers' opinions.

## FIRST CAUSE OF ACTION
## CLAIM FOR BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

19. Plaintiff incorporates as if fully restated herein the allegations in paragraphs 1 through 18 of the Complaint.

20. Defendant Plan and Hartford failed to exercise the statutorily required duty of care and prudence, failing to administer the Plan solely in the interests of the participants and beneficiaries as required under 29 U.S.C. § 1104(a)(1), and by denying the benefits to the Plaintiff contrary to the law and terms of the Plan. Hartford and the Plan have arbitrarily ignored and selectively reviewed documents Plaintiff has submitted and has failed to provide a full and fair review.

21. Defendant Hartford has an inherent "conflict of interest" as it has a dual role as both evaluator and payor of benefit claims, which is to be

considered as a factor in the review of any benefit determination. The conflict of interest effected the decision to deny benefits. The conflict allowed Hartford an overreliance on non-examining physicians' opinions. The conflict of interest caused Hartford to disregard relevant evidence with no explanation and totally or partially caused the denial of benefits without using a reasoned process.

22. While Defendant Hartford may have the authority to make claims determinations under applicable law and the language of the Policy, Hartford's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determination must be made *de novo*.

23. As a full *de novo* review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US Constitution and deprive Plaintiff of constitutional rights, including under Article III and the principles of separation of powers, amongst others.

24. The policy at issue in the case *subjudice* was issued to a Michigan corporation, Oakwood Healthcare, Inc., and was delivered in the

state of Michigan. As such, the policy is governed by the laws of the State of Michigan and *de novo* review is the applicable standard of review in this case. See Michigan Administrative Code R 500.2201-2202.

25. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Hartford's denial of benefits must be overturned due to the faulty evaluation, confusing methods and below market standards employed by Hartford in the evaluation of evidence. Standards applicable under ERISA, including as enumerated by this Court, the Sixth Circuit Court of Appeals and the United States Supreme Court have been violated by Hartford and an examination of the record reveals that Hartford's decision to discontinue benefits is not the result of a reasoned process and that it is, therefore, arbitrary and capricious.

26. Hartford and the Plan have violated their duty to provide a full and fair review of claimant's evidence by engaging in the following acts: 1) Defendants have ignored evidence supplied by Plaintiff which supports her disability (as referenced in para. 12 and 13); 2) Defendants relied upon non-examining peer reviews that mischaracterized Plaintiff's medical severity (as referenced in para. 17); 3) Defendants have improperly relied upon

conclusion based peer reviews which failed to address the claimant's actual limitations, which included pain, weakness, fatigue, and an inability to persist (as referenced in para. 17); and 4) ignored the actual demands of sedentary work which required some standing and walking as well as constant sitting which would be unrealistic due to lumbar back pathology and avascular necrosis (as referenced in para. 17 & 18).

27. Plaintiff has exhausted her administrative remedies and the Plan still wrongfully denies benefits to which she is entitled.

28. ERISA requires that an Employee Welfare Benefit Plan be established and maintained pursuant to a written instrument, 29 U.S.C. § 1192(a)(1).

29. The disability Plan under which the Plaintiff Samantha James was a participant at the time of her disability should be included in the Administrative record filed with this Court as those documents set forth the sole criteria for benefits for the Plaintiff.

30.  ERISA provides that an Employee Benefit Welfare Plan shall be established and maintained pursuant to 29 U.S.C. § 1192(a)(1). Under the terms of this Plan documents, to be filed with the Administrative record, the termination of Plaintiff's benefits was clearly unreasonable and without basis.

31.  The Plan Administrator, the Plan and Hartford failed to provide a full and fair review under 29 CFR 2560.503-1 thereby depriving Plaintiff of her due process. See 29 CFR 2560.503-1(g)(1)(v)(A)&(B). The Code of Federal Regulations requires an adequate explanation of why the claimant's evidence was insufficient to award benefits. Hartford offered no explanation of why claimant's evidence was insufficient or why the evidence created by non-examining physicians was more reliable.

32.  Plaintiff is entitled to benefits and benefits are due and owing to Plaintiff from Defendants in an amount not yet ascertainable. Plaintiff seeks the payment of these benefits under 29 U.S.C. § 1132(a)(1).

33. Under a *de novo* review of Plaintiff's claim for benefits, she meets the definition of disability by a preponderance of the evidence, remains unable to work and is entitled to benefits under the insurance policy.

**WHEREFORE**, Plaintiff, Samantha James, prays for the following relief:

A. That the Court enter judgment in Plaintiff James' favor and against the Defendants and that the Court order the Defendants to account and pay disability income benefits to Plaintiff James in an amount equal to the contractual amount of benefits to which James is entitled;

B. That the Court order the Defendants to pay James' pre-judgment interest on all benefits that have accrued prior to the date of judgment and enter judgment accordingly and that the Court reserve jurisdiction to enforce the equitable decree;

C. That the Court declare Samantha James' rights under the ERISA Plan, the ERISA statute, and the applicable insurance laws and order the Defendants to continue paying Plaintiff James' benefits until such time as the Court decides that she meets the policy conditions for discontinuance of benefits and this is perfected by an Order of this Court;

D. That the Court award the Plaintiff her attorney fees pursuant to 29 U.S.C. § 1132(g); and

E. That Plaintiff recovers any and all other relief to which she may be entitled, as well as the costs of the suit.

Dated this 27th day of September, 2019

Respectfully submitted,

*/s/ Joseph P. McDonald*

_____
Joseph P. McDonald (0055230)
McDonald & McDonald Co., L.P.A.
200 E. Spring Valley Rd, Suite A
Dayton, OH  45458
Tel: 937-428-9800
Fax: 937-347-5441
Email:  joseph@mcdonaldandmcdonald.com
Attorney for Plaintiff, Samantha James